IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROL A. HORROD,                                    No. 6:15-cv-00698-HZ

                    Plaintiff,                      OPINION & ORDER

        v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

                    Defendant.


Carol A. Horrod
2226 N. Coast Hwy. #233
Newport, OR 97365

        Plaintiff Pro Se

Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

John C. LaMont
Social Security Administration
Office of the General Counsel- Region X
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

       Pro se Plaintiff Carol Horrod brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c) (3)). For the reasons that follow, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

       Plaintiff applied for DIB on July 14, 2011, alleging an onset date of July 1, 2011. Tr. 13, 165.[1] Her application was denied initially and on reconsideration. Tr. 111, 117. On June 19, 2013, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge (ALJ). 27. On September 27, 2013, the ALJ found Plaintiff not disabled. Tr. 21. The Appeals Council denied review. Tr. 1-4. Accordingly, the ALJ's decision became the final decision of the agency from which Plaintiff seeks judicial review.

## FACTUAL BACKGROUND

       Plaintiff alleges disability based on incontinence, anxiety, depression, back problems, chronic neck and back pain, deformity of the spine, polycystic liver disease, kidney problems, stomach problems, bowel problems, post-traumatic stress disorder, high blood pressure, and diabetes. Tr. 196. Plaintiff was fifty-nine years old at the time of the hearing. Tr. 31. She has a

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 9.

high school diploma and training as a cosmetologist. Tr. 197. She has past work experience in

membership sales, advertising sales, auto sales, and office management. Id.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment which . . . has lasted or can be

expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v.

Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving

disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in

"substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S.

137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner

determines whether the claimant has a "medically severe impairment or combination of

impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not,

the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one

of a number of listed impairments that the [Commissioner] acknowledges are so severe as to

preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d),

416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner

proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any

impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§

404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot

perform past relevant work, the burden shifts to the Commissioner. In step five, the

Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden

and proves that the claimant is able to perform other work which exists in the national economy,

the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity since July 1, 2011, the alleged onset date. Tr. 15. Next, at steps two and three, the ALJ

determined that Plaintiff has the severe impairments of left subscapular bursitis and cervical

degenerative joint disease, but that the impairments or combination of impairments did not meet

or medically equal the severity of one of the listed impairments. Tr. 15-18. At step four, the ALJ

concluded that Plaintiff has the residual functional capacity to perform less than the full range of

light work as defined in 20 C.F.R. § 404.1567(b). Tr. 18. The ALJ found that Plaintiff is able to

lift 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for six hours each

for a total of eight hours of work activity; occasionally reach overhead and climb ladders, ropes,

and scaffolds; frequently climb ramps and stairs; occasionally crouch, stoop, kneel, and crawl;

and frequently (but not constantly) handle and finger bilaterally. Id. The ALJ determined that

Plaintiff is capable of performing past relevant work as "membership sales, advertising sales

representative, and auto sales." Tr. 20. The ALJ found that this work does not require the

performance of work-related activities precluded by Plaintiff's residual functional capacity. Tr.

21. Thus, the ALJ determined that Plaintiff is not disabled. Id.


///

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

## DISCUSSION

This Court has a duty to liberally construe Plaintiff's pro se brief. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberally construed, Plaintiff asks this Court to reverse the ALJ's decision because there are errors in the hearing transcript. In addition, Plaintiff submits 175 pages of exhibits. Plaintiff does not indicate which of these 175 pages were already submitted and

considered in the ALJ's September 27, 2013 decision, or how these exhibits weigh against affirming the ALJ's decision.

Even assuming that Plaintiff has accurately identified errors in the hearing transcript, none of the alleged errors bear on the ALJ's ultimate conclusions or this Court's review of the ALJ's decision. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (court must "look at the record as a whole to determine whether the error alters the outcome of the case"). Because the identified errors are "inconsequential to the ultimate nondisability determination," the Court declines to reverse the ALJ's decision based on transcription errors. Id.

As to the 175 pages of exhibits, the Court may remand the case for "additional evidence to be taken before the Commissioner . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added). Defendant argues that most of the records were already considered by the ALJ or Appeals Council. Therefore, Defendant contends that the records do not change the "weight of the evidence" such that the ALJ's decision is no longer supported by substantial evidence. Def.'s Br. 6.

Plaintiff fails to identify for the Court which pages of the submitted evidence were previously reviewed by the ALJ or Appeals Council. Nor does Plaintiff show that any new evidence is material or that she had good cause for failing to incorporate such evidence into the record in a prior proceeding. While the Court has a duty to construe Plaintiff's filing liberally, the Court has "no obligation to act as counsel or paralegal" Pliler v. Ford, 542 U.S. 225, 231 (2004), or to "take over chores for a *pro se* [party] that would normally be attended to by trained counsel as a matter of course," McKaskle v. Wiggins, 465 U.S. 168, 184 (1984). Nevertheless, the Court examines the following records that Plaintiff specifically mentions in her opening

6 - OPINION & ORDER

brief: (1) correspondence between Plaintiff and the Social Security Administration in which Plaintiff requests a new social security card; (2) a letter from Plaintiff to Congressman Kurt Schrader regarding Plaintiff's disability claim; (3) medical records from 2008 "and on thru this year"[2]; and (4) x-rays from a procedure to remove a lump from Plaintiff's cheek. None of these documents, considered with the entire record as a whole, alter the conclusion that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this _____ day of _____, 2015

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[2] Any records dated after the ALJ's decision, September 27, 2013, are not relevant, as this Court reviews the ALJ's decision as to whether Plaintiff was entitled to benefits during a specific period of time. As Defendant notes, Plaintiff may file another application for benefits if she believes these records show that her condition has deteriorated.